UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

GERALDINE MILLER

        Plaintiff,

                                      Case No.: 2:19-cv-11873-GAD-STD

v                                      Hon. Gershwin A. Drain

                                      Magistrate: Stephanie D. Davis

THOR MOTOR COACH,
a Delaware Corporation, and
GENERAL RV CENTER, INC.,
a Michigan Corporation, d/b/a
GENERAL RV CENTER,

        Defendants.

_____/

**DEFENDANTS, GENERAL RV CENTER, INC.'S**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

## **TABLE OF CONTENTS**

MOTION FOR SUMMARY JUDGMENT ............................................... 1

BRIEF IN SUPPORT OF DEFENDANT, GENERAL RV CENTER, INC.'S
MOTION FOR SUMMARY JUDGMENT ............................................... 4

   I.   PROCEDURAL HISTORY ..................................................................4

   II.  STATEMENT OF MATERIAL FACTS ...............................................5

   III. LEGAL ARGUMENT ....................................................................10

      A. Legal Standard .....................................................................10

          1. Other "AS IS" Litigation .................................................11

      B. Plaintiff's Claims for Breach of Warranty, Magnuson-Moss
          Federal Trade Commission Act, and Ohio Uniform Commercial
          Code Should be Dismissed ......................................................13

          1. Plaintiff's Claims for Breach of Warranty Fail Pursuant to
             *Davis v LaFontaine* and *HRL Land or Sea Yachts v Travel
             Supreme* ......................................................................14

      C. Plaintiff's Claims for Breach of Implied Warranty, Magnuson-
          Moss Federal Trade Commission Act, Ohio Uniform Commercial
          Code, and Tort Should be Dismissed as No Implied Warranties
          Arose ..................................................................................16

      D. Plaintiff's Ohio Lemon Law Claims Should Be Dismissed18**Error! Bookmark not de

      E. Plaintiff's Ohio Consumer Sales Practices Act Claims Should be
          Dismissed ............................................................................18

      F. Plaintiff's Claim for Declaratory Judgment Should be Dismissed**Error! Bookmark no

   IV. CONCLUSION ........................................**ERROR! BOOKMARK NOT DEFINED.**

## <u>TABLE OF AUTHORITIES</u>

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 US 242 (1986)………………… 11

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007) ……………… 19

<u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 594,
    111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)……………………… 23

<u>Celotex Corp v. Catratt</u>, 477 US 317 (1986)………………………… 11

<u>Chaudion v TMC and GRV</u>, 2017 WL 3485803, USDC for the ED of MI,
    Hon. Paul D. Borman, 08/15/17……………………………… 22

<u>Davis v. LaFontaine Motors, Inc.</u>, 271 Mich.App. 68 (2006)………… 14,
21,22

<u>Dolores v General RV, Inc., et. al.</u>,
    USDC for ED of Mich, Case No.: 2:19-cv-10413-GCS-RSW
    06/25/19 Decision of Hon. George Caram Steeh……………… 15

<u>HRL Land or Sea Yachts v. Travel Supreme</u>,
    2009 WL 427375 (W.D. Mich)………………………………… 14, 15

<u>Keel v. Toledo Harley-Davidson/Buell</u>, 2009-Ohio-5190, ¶ 8,
    184 Ohio App. 3d 348, 351-52, 920 N.E.2d 1041, 1043……….. 18

<u>Locus v. Lease Way Multi Transportation Services, Inc.</u>,
    738 F.Supp. 214 (E.D. Mich 1990), affirmed,
    929 F.2d 701 (6th Cir. 1991)……………………………… 11

<u>Marshall v. Meade Group, Inc.</u>, 2002 WL 44232 (Mich. Ct. App.)…… 21

<u>MedImmune, Inc. v. Genentech, Inc.</u>, 549 U.S. 118, 127,
    127 S. Ct. 764, 771 (2007)……………………………………. 23

<u>Pack v. Damon Corp.</u>, 320 F Supp 2d 545 (ED Mich, 2004)………… 21, 22

Williams v. Spitzer Autoworld Canton, L.L.C., 2009-Ohio-3554, ¶ 20,
         122 Ohio St. 3d 546, 551, 913 N.E.2d 410, 417…………………       19

Wong v. PartyGaming, Ltd., 589 F.3d 821, 829 (6th Cir. 2009)………       23

FRCP 12(b)……………………………………………………….       10

FRCP 56(c)………………………………………………….…       10

MCL 440.2314……………………………………………………       16, 18

MCL 440.2316……………………………………………………       17, 18

## Exhibits

1. Order to Transfer
2. Purchase Agreement
3. General RV "AS IS" and Warranty Disclaimer Acknowledgment
4. Delivery Receipt, Storage Agreement, and Risk of Loss Notice and Acknowledgement
5. Truth in Lending Act disclosure
6. HRL Land or Sea Yachts v. Travel Supreme, 2009 WL 427375 (WD Mich)
7. Dolores v General RV, Inc., et. al., USDC for ED of Mich, Case No.: 2:19-cv-10413c
8. Marshall v Meade Group, Inc., 2002 WL 44232 (Mich. Ct. App. January 11, 2002)
9. Chaudion v TMC and GRV, 2017 WL 3485803

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

GERALDINE MILLER

        Plaintiff,

                                Case No.: 2:19-cv-11873-GAD-STD

v                                  Hon. Gershwin A. Drain

                                  Magistrate: Stephanie D. Davis

THOR MOTOR COACH,
a Delaware Corporation, and
GENERAL RV CENTER, INC.,
a Michigan Corporation, d/b/a
GENERAL RV CENTER,

        Defendants.

_____/

### DEFENDANT, GENERAL RV CENTER, INC.'S
### MOTION FOR SUMMARY JUDGMENT

Defendant, General RV Center, Inc., by its attorneys, Dolenga & Dolenga,
PLLC, for its Motion for Summary Judgment pursuant to FRCP 12(b) and/or 56,
states as follows:

1.    Plaintiff filed this lawsuit in the Court of Common Pleas in Stark
County, Ohio alleging a violation of the Ohio Consumer Sales Practices Act, Ohio
Lemon Law, Magnuson-Moss Federal Trade Commission Act, Ohio Uniform
Commercial Code, Implied Warranty and Tort, and Declaratory Judgment arising
from the purchase of a new 2017 Thor 3901 Aria motorhome.

2.      General RV and Thor Motor Coach (sometimes "GRV" and "TMC") removed the case under 28 U.S.C. §§ 1331, 1332, and 2301 to the United States District Court for the Northern District of Ohio Eastern Division at Akron.

3.      Based on a Motion to Transfer/Dismiss by Defendants, which relied on the same sales documentation that is the basis of this motion, Plaintiff's lawsuit was transferred from the U.S.D.C for the N.D. of Ohio, to this Court.

4.      General RV is an RV dealership with locations in multiple states, including Ohio and Michigan.  General RV purchased the RV from TMC and sold it to Plaintiff "AS IS," and with a proper disclaimer of all warranties.

5.      General RV and Plaintiff reduced the agreement to writing in the form of a Purchase Agreement.

6.      Based on the negotiated terms of the sale of the RV, memorialized in the Purchase Agreement, with an "AS IS" clause, Plaintiff's lawsuit should be dismissed.

2

WHEREFORE, Defendant, General RV Center, Inc., respectfully requests that this Court enter an Order dismissing Plaintiff's lawsuit against General RV Center, Inc., with prejudice.

/S/Michael D. Dolenga
DOLENGA & DOLENGA, PLLC
24001 Orchard Lake Road, Suite 190
Farmington, Michigan 48336
(248) 488-9922; (fax) 88-9933
mdolenga@dolengalaw.com
Dated: July 16, 2019                     (P48794)

3

**BRIEF IN SUPPORT OF DEFENDANT, GENERAL RV CENTER, INC.'S
MOTION FOR SUMMARY JUDGMENT**

## I.   Procedural History

Plaintiff purchased a new 2017 Thor 3901 Aria motorhome from General RV on 01/13/17. Plaintiff, allegedly unhappy with her RV, filed a 6-count Complaint in the Court of Common Pleas in Stark County, Ohio. General RV and TMC removed the case under 28 U.S.C. §§ 1331, 1332, and 2301 to the U.S.D.C for the N.D. of Ohio, Eastern Division. Defendants then filed a Motion to Dismiss or Transfer based on the applicable forum selection clause contained in the Purchase Agreement between the parties. On 06/11/19, Judge John Adams entered an Order granting General RV's motion and explaining his reasoning for transferring the lawsuit to this Court.  (**Exhibit 1**).

The potential causes of action against General RV in this matter are:

Count I        Ohio Consumer Sales Practices Act
Count II       Ohio Lemon Law
Count III      Magnuson-Moss Federal Trade Commission Act
Count IV       Ohio Uniform Commercial Code
Count V        Implied Warranty and Tort
Count VI       Declaratory Judgment

As discussed below, the sale between General RV and Plaintiff was "AS IS." As such, Plaintiff's claims for breach of warranty and breach of implied warranty should be dismissed. A claim cannot be brought for failure to comply with Ohio's

Lemon Law because General RV is not a manufacturer. Plaintiff's derivative Ohio Consumer Sales Practices Act claim should be dismissed. Based on the sales documentation, complete dismissal of Plaintiff's claims is appropriate. Finally, Plaintiff's claim for declaratory judgment should be dismissed as the applicable paperwork demonstrates that Plaintiff was allowed the necessary time to review it, including the choice of law and forum selection provisions and that she fully understood the implications of what she signed.

## II.   <u>Statement of Material Facts</u>

Plaintiff and General RV negotiated the terms of the sale of the motorhome. They were reduced to writing. They are found in the Purchase Agreement attached as **Exhibit 2**. The Purchase Agreement was signed by a General RV representative and by Plaintiff, Geraldine Miller. The Purchase Agreement is a two-page document. Geraldine Miller signed the first page of the Purchase Agreement immediately below a paragraph that alerted her that this was an "AS IS" transaction and alerting her to the terms and conditions on the reverse side. Notably, that paragraph is in red ink. Immediately above the Geraldine Miller's signature, the Purchase Agreement reads, in red ink:

> THIS PURCHASE AGREEMENT CONTAINS THE ENTIRE UNDERSTANDING BETWEEN GENERAL RV AND PURCHASER. NO ONE HAS AUTHORITY TO MAKE ANY

REPRESENTATION BEYOND THIS AGREEMENT. NO OTHER
REPRESENTATIONS OR INDUCEMENTS, VERBAL OR
WRITTEN HAVE BEEN MADE, WHICH ARE NOT CONTAINED
ON THIS DOCUMENT. PURCHASER HAS NOT RELIED ON
ANYTHING WRITTEN INTO THIS PURCHASE AGREEMENT
SUCH THAT NOTHING ELSE IS THE BASIS OF THE BARGAIN
OR IS ENFORCEABLE AGAINST GENERAL RV, EVEN IF
ALLEGED TO BE A MISREPRESENTATION. BY SIGNING
BELOW, PURCHASER ACKNOWLEDGES THAT PURCHASER
HAS RECEIVED A COPY OF THIS AGREEMENT AND THAT
PURCHASER HAS READ AND UNDERSTANDS THE TERMS OF
THIS AGREEMENT, INCLUDING THOSE PRINTED ON THE
REVERSE SIDE, WHICH INCLUDE AN "AS IS" CLAUSE, A NON-
REFUNDABLE DEPOSIT STATEMENT, AND A CHOICE OF
LAW AND FORUM SELECTION CLAUSES INDICATING THAT
MICHIGAN LAW APPLIES TO ALL POTENTIAL DISPUTES AND
THAT ALL CLAIMS MUST BE FILED IN MICHIGAN. (**Exhibit 2**).

Additionally, the other page of the Purchase Agreement contains detailed

terms and conditions. Paragraph 11 of that page indicates that General RV provided

no warranties, excludes implied warranties, and states that this was an "AS IS"

purchase. Paragraph 11 reads:

<u>**EXCLUSION OF WARRANTIES, "AS IS" PURCHASE**</u>
PURCHASER UNDERSTANDS THAT THERE MAY BE
WRITTEN WARRANTIES COVERING THIS RV, BUT THAT
THESE WARRANTIES ARE OFFERED BY THE
MANUFACTURER OF THE RV, ITS COMPONENTS AND/OR ITS
APPLIANCES. THESE WARRANTIES HAVE BEEN PROVIDED
TO PURCHASER, AND PURCHASER HAS READ AND
UNDERSTANDS THESE WARRANTIES. PURCHASER
UNDERSTANDS THAT DEALER OFFERS NO WARRANTIES,
EXPRESS OR IMPLIED, ON THIS RV. **THIS RV IS SOLD "AS IS"
BY DEALER, AND DEALER DISCLAIMS ALL WARRANTIES,**

**EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. (Exhibit 2**, emphasis in original).

Furthermore, paragraphs 12 and 13 on this page of the Purchase Agreement again alerted Plaintiff that this was an "AS IS" purchase. Paragraph 12 of the reverse side of the Purchase Agreement specifically reads:

**LIMITATION AND DISCLAIMER OF DAMAGES; NO REFUND, "AS IS" PURCHASE**
Except in states that do not allow limitation of damages, the following limitation of damages applies. DEALER DISCLAIMS ANY INCIDENTAL AND/OR CONSEQUENTIAL DAMAGES SUCH THAT PURCHASER SHALL NOT BE ENTITLED TO INCIDENTAL OR CONSEQUENTIAL DAMAGES FROM DEALER. Also, since this is an **"AS IS"** purchase as to Dealer, Purchaser cannot rescind nor revoke acceptance of this contract, or the vehicle, or return the vehicle to Dealer. **(Exhibit 2**, emphasis in original).

Paragraph 13 of the Purchase Agreement has additional language about the RV being used and General RV selling it AS IS. It specifically reads:

**USED VEHICLE, SOLD "AS IS" WHETHER OR NOT STILL SUBJECT TO MANUFACTURER'S WARRANTY**
If this Agreement pertains to a used RV, the RV is sold **"AS IS"** WITHOUT ANY WARRANTY FROM DEALER. DEALER DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. (**Exhibit 2**, emphasis in original).

7

Interestingly, unlike most dealerships who do not provide any warranties and do not provide language as thoroughly as General RV's Purchase Agreement, General RV goes an additional step.  General RV makes sure that is customers fully understand what they are getting when they purchase an RV from it.  As such, Plaintiff also signed General RV's "AS IS" and Warranty Disclaimer Acknowledgment. It further alerts Plaintiff that this was an "AS IS" purchase and General RV disclaimed any warranties. (**Exhibit 3**). The Disclaimer contains 2 important paragraphs relevant to General RV's Motion. The first is entitled "AS IS." It reads:

> <u>**"AS IS"**</u>**:** I understand that I am purchasing this vehicle **"AS IS"** from General RV. I understand that the 2-sided Purchase Agreement I signed with General RV is the only document that contains the terms and conditions of my agreement with General RV, even though I may have executed a financing agreement. Additionally, I understand that I do not have the right to revoke or rescind this contract or return the RV and receive my money back, as I purchased the RV **"AS IS"** from General RV with an **"AS IS"** Purchase Agreement.

The Disclaimer also contains a Warranty Disclaimer paragraph. It reads:

> <u>**Warranty Disclaimer:**</u> I also understand that if the RV has written warranties covering it they are offered by the manufacturers of the RV and/or its components. These warranties have been provided to me, and I have read and understand these warranties or have chosen not to read these warranties prior to purchase. I understand that **GENERAL RV OFFERS NO WARRANTIES, EXPRESS OR IMPLIED, ON THIS RV AND THAT I AM PURCHASING THE RV "AS IS" FROM GENERAL RV. GENERAL RV DISCLAIMS ALL**

8

**WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. (Exhibit 3**, emphasis in original).

In addition to the Purchase Agreement and Disclaimer, Plaintiff also executed the Delivery Receipt, Storage Agreement, and Risk of Loss Notice and Acknowledgement reaffirming the "AS IS" nature of the sale. (**Exhibit 4**). The paragraph titled "**Acceptance of Risk of Loss:**" specifically reads, in part:

> Also, since any warranty that may cover the RV, or its components and/or appliances, was offered by the manufacturers of the RV and/or its components, not General RV, since General RV provided no warranties and sold the RV "AS IS", and since I have agreed to pass the risk of loss to me, I understand that GENERAL RV accepts no responsibility for any damage or loss to the RV from the time I purchase it until I obtain it from storage, including possibility of vandalism or theft. (**Exhibit 4**).

The paragraph titled "**Relationship to Other Paperwork and Law:**" reads in part:

> I understand that this document supplements my other sales paperwork with General RV, including the Purchase Agreement (2-sided document with AS IS, warranty disclaimer, and choice of law/forum clauses). (**Exhibit 4**).

If any doubt could exist about whether Ms. Miller read and understood the Purchase Agreement, the Truth in Lending Act disclosure alleviates that. (**Exhibit 5**). Geraldine Miller initialed by paragraphs reading:

- I received the fully completed contract and was allowed the necessary and requested amount of time to review its contents, including all

itemized charges for any optional products and services, before I was asked to sign the agreement.

- All of my questions regarding the sales agreement were answered to my satisfaction before I was asked to sign the agreement.
- I did not have any questions regarding the sales agreement and signed the agreement willingly.
- I received a completed copy of the sales agreement to keep in my possession, which I willingly signed after its terms and contents were presented to me.
- I fully understand the terms and conditions of the sales agreement presented to me. (**Exhibit 5**).

To that end, Plaintiff cannot meet her burden of proof on any of her claims against GRV, and summary judgment on all of Plaintiff's claims is appropriate.

## III. <u>Legal Argument</u>

### A. <u>Legal Standard</u>

Federal Rule of Civil Procedure 12 indicates that the Court may dismiss a complaint if it fails to state a claim upon which relief can be granted. FRCP 12(b). Additionally, FRCP 56 pertaining to summary judgment indicates that it may be granted if the pleadings and documents pertaining to the case "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c).

In deciding these types of motions, all fact issues should be weighed in favor of the non-moving party; however, a non-moving party must produce material facts

and show that it has stated a claim upon which relief can be grated to defeat a motion for Summary Judgment. <u>Celotex Corp. v Catratt,</u> 477 US 317 (1986).

In addition, the non-moving party must produce evidence that is admissible and significantly probative. <u>Anderson v. Liberty Lobby, Inc.,</u> 477 US 242 (1986). The non-movant must also produce evidence sufficient to require the submission of the case to the jury. <u>Locus v. Lease Way Multi Transportation Services, Inc.,</u> 738 F Supp 214 (ED Mich 1990), affirmed, 929 F2d 701 (6th Cir., 1991).

### 1. Other "AS IS" Litigation

Michigan is one of the leading states for camping and outdoor activities. As such, many RVs are sold here. In turn, RV manufacturers and dealers often get sued in Michigan. To that end, Michigan has numerous published and unpublished cases involving the types of claims made by the Plaintiff in this case and the defenses raised by General RV in this motion. In most of them, a motion substantially similar to this one was granted (or stipulated to by Plaintiff's counsel). As such, the Court can use all of the following cases as precedential or persuasive value to grant this motion. In each case, the dealership, like General RV, (or General RV), was dismissed from the lawsuit because of the terms of the dealership's Purchase Agreement.

<u>Angus v Haylett/Forest River,</u> Branch County Cir. Court, Case No.: 18-04257-CZ; <u>Brownfield v Fleetwood/Walt Michels,</u> Wayne County Cir. Ct., Case No. 01-141768-CK;

Burr v General RV/Thor Motor Coach, USDC, ED of MI, Case No.: 13-cv-14532;
Chaudoin v. General RV/Thor, USDC, ED of MI, Case No. 15-13871;
Davis v LaFontaine Motors, Inc., 271 Mich App 68; 719 NW2d 890 (2006);
Dellacasa v GRV/Thor, Oakland County Cir. Court, Case No.: 15-149755-NZ;
Dolores v General RV, Inc., et. al., USDC for ED of MI, Case No.: 2:19-cv-10413;
Ducharme v A&S RV Ctr., 321 F Supp 2d 843 (E.D. Mich 2004);
Frisch v Damon/General RV, USDC, ED of MI, Case No.: 10-cv-13611;
Harnden v Jayco/General RV, USDC, ED of MI, Case No.: 04-72036;
HRL Land or Sea Yachts v Travel Supreme, 2009 WL 427375 (WD Mich);
Kelmar v Mid-MI Freightliner, 2003 WL 22683443 (Mich. Ct. of App., 2003);
Lezotte v Winnebago/General RV, Oakland County Cir., Case No.: 09-101466-CP;
Mason v Damon/General RV, Oakland County Cir. Court, Case No.: 01-033972-CP;
Morton v General RV/Thor Motor Coach, USDC, ED of MI, Case No.: 15-cv-10164;
Palencik v Forest River, Washtenaw County Cir. Court, Case No.: 17-000791-NZ;
Parsley v Monaco/Veurink's, 327 F Supp 2d 797 (W.D. Mich 2004);
Pearson v Western/Walt Michels, Wayne County Cir. Ct., Case No. 03-328258-CP;
Pidcock v Monaco/Ewing, 435 F Supp 2d 657 (W.D. Mich 2006);
Pitts v Monaco/Ewing, USDC, WD of Mich., Case No.: 1:03-cv-618;
Rampy v Monaco/General RV, Oakland County Cir. Court, Case No.: 03-052803-CP;
Rolen v Dutchmen/General RV, Wayne County Cir. Court, Case No.: 06-631748-CZ;
Soff v Damon/General RV, Oakland County Cir. Court, Case No.: 07-085614-CP;
Spencer v GRV/Forest River, Genesee County Cir. Court, Case No.: 15-104132-CK;
Stevens v General RV/Thor, USDC, ED of MI, Case No.: 15-cv-13871;
Vardalos v GRV/Thor, Oakland County Cir. Court, Case No.: 17-159426-CK;
Watson v Damon/General RV, USDC, W.D. of MI, Case No.: 1-02-CV584;
Wilson v General RV/Fourwinds USDC, ED of MI, Case No.: 10-cv-13689.

In addition, many Plaintiff's law firms who specialize in breach of warranty litigation in the RV setting no longer file their initial lawsuit against dealerships like General RV based on the type of Purchase Agreement at issue here. This typically eliminates the need for General RV to file this type of Motion.

**B.    Plaintiff's Claims for Breach of Warranty, Magnuson-Moss Federal Trade Commission Act, and Ohio Uniform Commercial Code Should be Dismissed**

As noted, General RV and Plaintiff reduced the terms of their agreement to writing in the form of the Purchase Agreement. (**Exhibit 2**). The plain language of the Purchase Agreement clearly shows that Plaintiff purchased the RV without any warranties from General RV. Moreover, other documents signed by Plaintiff also explain that Plaintiff did not receive any warranties from General RV. Nevertheless, Plaintiff has attempted to claim breach of warranty against General RV and liability under Ohio Lemon Law, Magnuson-Moss Federal Trade Commission Act, and Ohio Uniform Commercial Code. All of these counts fail based on the Purchase Agreement and all applicable law.

Plaintiff received ample notice through the sales documents that this was an "AS IS" purchase with GRV. "AS IS" language is found in the following documents signed by Plaintiff:

- Front side/1st page of Purchase Agreement, immediately above Geraldine Miller's signature, (**Exhibit 2**);
- Paragraphs 11, 12, and 13 of the next page of the Purchase Agreement, (**Exhibit 2**);
- General RV "AS IS" and Warranty Disclaimer Form (**Exhibit 3**);
- Delivery Receipt, Storage Agreement, and Risk of Loss Notice and Acknowledgement, (**Exhibit 4**); and
- Truth in Lending Act, (**Exhibit 5**).

To that end, no confusion exists that the purchase of this RV was "AS IS" as to GRV and that Plaintiff found the RV in satisfactory condition. Thus, Plaintiff's claims for breach of warranty should be dismissed.

### 1.   **Plaintiff's Claims for Breach of Warranty Fail Pursuant to** *Davis v LaFontaine* **and** *HRL Land or Sea Yachts v Travel Supreme*

In Davis v. LaFontaine Motors, Inc., 271 Mich App 68; 719 NW2d 890 (2006), the Michigan Court of Appeals dismissed a Plaintiff's claims for breach of warranty and revocation against a dealership where a Plaintiff signed a Purchase Agreement similar to that before the Court in this case. In Davis, the Plaintiff signed a 2-sided Purchase Agreement that contained almost identical disclaimer language to that contained in General RV's Purchase Agreement. On the front of the Purchase Agreement, the purchaser was made aware of additional terms and conditions on the reverse side of the Purchase Agreement. The reverse side of the Purchase Agreement contained a paragraph indicating that the dealer disclaimed all express and implied warranties. Based on this language, the Davis Court dismissed Plaintiff's allegations for breach of express and implied warranties.

In addition, the United States District Court, Western District of Michigan, reached an identical conclusion where a Plaintiff signed a similar Purchase Agreement in HRL Land or Sea Yachts v. Travel Supreme, 2009 WL 427375 (WD

14

Mich), (**Exhibit 6**). In <u>HRL</u>, the Court analyzed similar claims made by Plaintiff for revocation and breach of warranty. The Court noted that HRL's Purchase Agreement excluded all warranties and limited Plaintiff's damages. To that end, the <u>HRL</u> Court dismissed Plaintiff's claims for revocation and breach of warranty based on the Purchase Agreement between Plaintiff and Defendant.

Most recently, the Honorable George C. Steeh analyzed an almost identical lawsuit and dismissed General RV from it.  In <u>Dolores v General RV, Inc., et. al.,</u> USDC for ED of Mich, Case No.: 2:19-cv-10413, Judge Steeh assessed every argument that a Plaintiff could make to try to defeat General RV's clear and conspicuous "AS IS" Purchase Agreement and determined that, despite his sympathy for the Plaintiffs based on all arguments they made in that case, including "their arguments of sharp sales practices" that the law required him to dismiss General RV from that lawsuit.  A copy of Judge Steeh's recent decision, which came out after opposing counsel made every possible argument to avoid General RV's Purchase Agreement, and Judge Steeh took the motion under advisement, is attached as **Exhibit 7**.

Here, Plaintiff received what she bargained for from General RV, as the motorhome she received conformed to the Purchase Agreement. As such, the Court should dismiss Plaintiff's claims for breach of warranty.

15

**C.**     **Plaintiff's Claims for Breach of Implied Warranty, Magnuson-Moss Federal Trade Commission Act, Ohio Uniform Commercial Code, and Tort Should be Dismissed as No Implied Warranties Arose**

As noted, all implied warranties as to General RV were effectively disclaimed in the documents attached as **Exhibits 2-5**. MCL 440.2314 covers the implied warranties of merchantability. The plain language of the statute is clear, and it allows for the exclusion of any implied warranties of merchantability. The statute states, in pertinent part, as follows:

> Unless excluded or modified (section 2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of the kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale. (MCL 440.2314).

As noted above, the Purchase Agreement disclaims all warranties as to General RV. (**Exhibit 2**). The Purchase Agreement specifically reads:

> DEALER DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

Moreover, General RV "AS IS" and Warranty Disclaimer Form contains a paragraph specifically entitled Exclusion of Warranties and Warranty Disclaimer. (**Exhibit 3**). It states:

**Exclusion of Warranties and Warranty Disclaimer:** I also understand that if the RV has written warranties covering it, or its components and/or appliances, they are offered by the manufacturers of the RV and/or its components. These warranties have been provided to me, and I have read and understand these warranties or have chosen not to read these warranties prior to purchase. I understand that **GENERAL RV OFFERS NO WARRANTIES, EXPRESS OR IMPLIED, ON THIS RV AND THAT I AM PURCHASING THE RV "AS IS" FROM GENERAL RV. GENERAL RV DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. (Exhibit 3**, emphasis in original).

Implied warranties can be excluded pursuant to MCL 440.2316(2). The statute states:

> to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

As quoted above, the Purchase Agreement disclaims all warranties. The writing is all capitalized and, therefore, is conspicuous. Moreover, the Purchase Agreement contains language, in all capital letters, and red ink, alerting the consumer to exclusions on the next page.  (**Exhibit 2**). In addition, General RV "AS IS" and Warranty Disclaimer Form contains an entire paragraph excluding

17

warranties that is specifically entitled "**Exclusion of Warranties and Warranty Disclaimer**." (**Exhibit 3**).

Clearly, the exclusionary language contained in the Purchase Agreement and other sales documents is permitted by MCL 440.2314 and MCL 440.2316(2). As such, Plaintiff's claims for breach of implied warranties, Ohio Lemon Law, Magnuson-Moss Federal Trade Commission Act, Ohio Uniform Commercial Code, and Tort against General RV should be dismissed.

### D.      Plaintiff's Ohio Lemon Law Claims Should Be Dismissed

Count II of Plaintiff's Complaint alleges a violation of Ohio Lemon Law. Defendant General RV is not "a person who manufactures, assembles, or imports motor vehicles, including motor homes" and therefore not a "manufacturer" as defined in RC § 1345.71(B). Because General RV does not constitute a manufacturer, Plaintiff's Ohio Lemon Law claims against General RV fail as a matter of law. Keel v. Toledo Harley-Davidson/Buell, 2009-Ohio-5190, ¶ 8, 184 Ohio App. 3d 348, 351-52, 920 N.E.2d 1041, 1043.

### E.      Plaintiff's Ohio Consumer Sales Practices Act Claims Should be Dismissed

Count I of Plaintiff's Complaint alleges a list of violations under the Ohio Consumer Sales Practices Act ("OCSPA"). However, Plaintiff does not plead

"enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp.</u> <u>v. Twombly</u>, 550 U.S. 544, 547 (2007). Plaintiff makes several conclusory allegations without any factual support, such as "failure to provide adequate time for Plaintiff to review documents," "stalling and evading legal obligations," "other practices to be proven at trial," and that "All said practices were committed knowingly." Am. Compl. p. 2-3. Plaintiff fails to even specifically identify the subsection of the OCSPA that General RV has allegedly violated.

The Ohio Supreme Court has specifically held that the "parol evidence rule applies to actions brought pursuant to the OCSPA, and absent proof of fraud, mistake, or other invalidating cause, a consumer may not present extrinsic evidence contradicting the parties' final written contract to prove a violation of that act." <u>Williams v. Spitzer Autoworld Canton, L.L.C.</u>, 2009-Ohio-3554, ¶ 20, 122 Ohio St. 3d 546, 551, 913 N.E.2d 410, 417. Immediately above the Geraldine Miller's signature, the Purchase Agreement reads, in red ink:

> THIS PURCHASE AGREEMENT CONTAINS THE ENTIRE UNDERSTANDING BETWEEN GENERAL RV AND PURCHASER. NO ONE HAS AUTHORITY TO MAKE ANY REPRESENTATION BEYOND THIS AGREEMENT. NO OTHER REPRESENTATIONS OR INDUCEMENTS, VERBAL OR WRITTEN HAVE BEEN MADE, WHICH ARE NOT CONTAINED ON THIS DOCUMENT. PURCHASER HAS NOT RELIED ON ANYTHING WRITTEN INTO THIS PURCHASE AGREEMENT SUCH THAT NOTHING ELSE IS THE BASIS OF THE BARGAIN

OR IS ENFORCEABLE AGAINST GENERAL RV, EVEN IF ALLEGED TO BE A MISREPRESENTATION. BY SIGNING BELOW, PURCHASER ACKNOWLEDGES THAT PURCHASER HAS RECEIVED A COPY OF THIS AGREEMENT AND THAT PURCHASER HAS READ AND UNDERSTANDS THE TERMS OF THIS AGREEMENT, INCLUDING THOSE PRINTED ON THE REVERSE SIDE, WHICH INCLUDE AN "AS IS" CLAUSE, A NON-REFUNDABLE DEPOSIT STATEMENT, AND A CHOICE OF LAW AND FORUM SELECTION CLAUSES INDICATING THAT MICHIGAN LAW APPLIES TO ALL POTENTIAL DISPUTES AND THAT ALL CLAIMS MUST BE FILED IN MICHIGAN. (**Exhibit 2**).

Therefore, Plaintiff's claims that General RV violated the OCSPA by "failing to provide Plaintiff with a complete copy of each document signed because Plaintiff's copy of the Purchase Agreement does not contain any terms on the reverse side despite claiming on its face to contain terms on the reverse side," "misrepresenting and concealing the actual terms of the transaction," failing "to fully explain the limitations of Plaintiff's remedies," failing "to integrate into any written Sales Contract all material statements, representations or promises, oral or write, made prior to obtaining Plaintiff's signature," and failing "to integrate the entire Agreement" fail as a matter of law.

Additionally, Plaintiff's claims under the Act are unenforceable. Paragraph 2 of the Purchase Agreement reads, in part:

Should any dispute arise out of, or relate to, this Agreement, the RV sold pursuant to this Agreement, and/or service work on the RV, **those disputes shall be governed by the substantive laws of the state of**

> **Michigan,** without regard to conflict of law rules. This means that if Purchaser files a claim against Dealer regarding anything with the RV, MICHIGAN law will control that claim. (**Exhibit 2**, emphasis in original).

This provision precludes Plaintiff's claim under the OCSPA. However, the language does not automatically preclude Plaintiff from seeking relief under similar Michigan law, or the Michigan Consumer Protection Act ("MCPA").

As for the potential alleged MCPA violations, the transaction between Plaintiff and GRV was an "AS IS" transaction. Michigan Courts have consistently held that in situations like this, Plaintiff's MCPA claims fail when the Plaintiff cannot recover under a theory of breach of warranty. See Marshall v Meade Group, Inc., 2002 WL 44232 (Mich. Ct. App. January 11, 2002). (**Exhibit 8**). Other Courts reviewing similar pleadings have also held that a Plaintiff must prove a breach of express or implied warranty to prove an MCPA violation. See Pack v. Damon, 320 F Supp 2d 545 (ED Mich., 2004) and Davis, at 82-83.

With the manner in which Plaintiff pled the alleged violation of the OCSPA, Plaintiff's claim should be dismissed due to the application of Michigan law. However, even if Plaintiff amends the pleadings to attempt to plead a violation of the MCPA, the amendment will be futile, and the claims will still be barred. Plaintiff's allegations of violations of the OCSPA, and the possible violations of the

MCPA that would be pled, are substantially similar to what was before the Court in Pack and Davis. Those Courts held that to prove a violation of the MCPA, Plaintiff must first prove a breach of warranty. Id. Here, Plaintiff cannot do that because GRV provided no warranties. Therefore, Plaintiff's conclusory allegations like "failure to perform repairs in a timely manner" and "unworkmanlike repairs" fail.

In addition, the MCPA exempts from itself any "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." MCL 445.904. See Chaudion v TMC and GRV, 2017 WL 3485803. (**Exhibit 9**). In Chaudion, Judge Borman, of this Court, thoroughly analyzed every legal argument at issue in this motion and granted summary judgment to GRV on all claims. He also discussed why any MCPA claim is not valid against an RV dealership. See Exhibit A, pp. 19-20. Those arguments and Judge Borman's reliance on the case law set forth in his opinion will not be reiterated here due to page length limitations and his succinct discussion about why a Plaintiff like this Plaintiff's claims under the MCPA fail. Notably, every motorhome is subject to registration requirements in Michigan and Ohio, this RV was certified by the Recreational Vehicle Association, a regulatory association that has authority to certify RVs. As such, the allegations of violation of

the OSCPA should be dismissed and any attempt to amend to add a claim alleging a violation of the MCPA should be barred.

### F.     Plaintiff's Claim for Declaratory Judgment Should be Dismissed

Count VI of Plaintiff's Amended Complaint "requests a determination by this Court that Defendant General RV's use of a forum selection clause constitutes a deceptive sales practice under Ohio law." Am. Compl. at 8. For a declaratory-judgment action to satisfy the case-or-controversy requirement, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127, 127 S. Ct. 764, 771 (2007). The "Supreme Court has held that a forum selection clause is not unreasonable simply because it appears in a non-negotiated consumer contract." Wong v. PartyGaming, Ltd., 589 F.3d 821, 829 (6th Cir. 2009), citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 594, 111 S.Ct. 1522, (1991).

Plaintiff attempts to argue that customers are tricked or pressured into signing a choice of law provision and forum selection clause, that customers are rushed through the contract documents, and that no reasonable consumer could fully understand the implications of a forum selection clause. Am. Compl. p. 7-8.

23

However, Plaintiff has failed to plead anything to demonstrate a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. As previously discussed, immediately above the Geraldine Miller's signature, the Purchase Agreement reads in part, in red ink:

> BY SIGNING BELOW, PURCHASER ACKNOWLEDGES THAT PURCHASER HAS RECEIVED A COPY OF THIS AGREEMENT AND THAT PURCHASER HAS READ AND UNDERSTANDS THE TERMS OF THIS AGREEMENT, INCLUDING THOSE PRINTED ON THE REVERSE SIDE, WHICH INCLUDE AN "AS IS" CLAUSE, A NON-REFUNDABLE DEPOSIT STATEMENT, AND A CHOICE OF LAW AND FORUM SELECTION CLAUSES INDICATING THAT MICHIGAN LAW APPLIES TO ALL POTENTIAL DISPUTES AND THAT ALL CLAIMS MUST BE FILED IN MICHIGAN. (**Exhibit 2**).

Additionally, Ms. Miller initialed by paragraphs in another document, reading:

- I received the fully completed contract and was allowed the necessary and requested amount of time to review its contents. . . .
- All of my questions regarding the sales agreement were answered to my satisfaction before I was asked to sign the agreement.
- I did not have any questions regarding the sales agreement and signed the agreement willingly.
- I received a completed copy of the sales agreement to keep in my possession, which I willingly signed after its terms and contents were presented to me.
- I fully understand the terms and conditions of the sales agreement presented to me. (**Exhibit 5**).

Thus, the documentation demonstrates that Plaintiff was allowed all necessary time to review the choice of law and forum selection clauses and that she fully understood them.  Moreover, all claims for violation of the OSCPA or potential

24

violation of the MCPA, which Plaintiff is trying to get declaratory relief on fail for the reasons set forth above. In addition, Judge Adams has already found the provision in question to be valid and enforceable, and he entered an Opinion and Order against Plaintiff's arguments that she was rushed through the process and did not understand the documents and transferring the lawsuit to this Court in accordance with the documents that Plaintiff is attempting to claim should now be invalidated. Therefore, Plaintiff's claim for declaratory judgment should be dismissed.

## IV. __Conclusion__

The sale of the motorhome between GRV and Plaintiff was an "AS IS" transaction. GRV provided no warranties. Thus, Plaintiff's claims for breach of express and implied warranty should be dismissed. The Ohio Lemon Law does not apply to General RV. Plaintiff's derivative OCSPA claims, or potential MCPA claims, should also be dismissed. Plaintiff's claim for declaratory judgment does not set forth a dispute that is appropriate for declaratory judgment in light of the sales paperwork, which has already been enforced by another Judge in this lawsuit.

WHEREFORE, Defendant, General RV Center, Inc., respectfully requests that this Court enter an Order dismissing Plaintiff's lawsuit against General RV Center, Inc., with prejudice.

/S/Michael D. Dolenga
DOLENGA & DOLENGA, PLLC
24001 Orchard Lake Road, Suite 190
Farmington, Michigan 48336
(248) 488-9922; (fax) 88-9933
mdolenga@dolengalaw.com
Dated: July 16, 2019                         (P48794)

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2019, I electronically filed the foregoing paper

with this Court's Efiling service, which will send notification of such filing to the all

involved parties of this matter, including, but not limited to all counsel of record.

/S/Lillian J. Blankenship, Legal Assistant
DOLENGA & DOLENGA, PLLC
24001 Orchard Lake Road, Suite 190
Farmington, Michigan 48336
(248) 478-9922; (fax) 478-9933
lillian@dolengalaw.com

26