UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALDINE MILLER,

    Plaintiff,

    v.

THOR MOTOR COACH, ET. AL.,

    Defendants.
_____/

Case No. 19-cv-11873

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#6] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#7]**

**I. INTRODUCTION**

This action centers around an allegedly defective recreational vehicle that was sold to Plaintiff Geraldine Miller by Defendant General RV Center ("GRV") and manufactured by Defendant Thor Motor Coach ("Thor"). Plaintiff filed the instant action against Defendants on January 11, 2019 in Ohio state court. ECF No. 1. An Amended Complaint was filed on January 21, 2019 alleging violations of the Ohio Consumer Sales Practices Act, Ohio Lemon Law, the Magnuson-Moss Warranty Act, the Ohio Uniform Commercial Code, implied warranty and tort, and declaratory judgment. ECF No. 1-1, PageID.18.

Presently before the Court is Defendant Thor's Motion to Dismiss and Defendant GRV's Motion for Summary Judgment. ECF Nos. 7, 8. While Defendant GRV purports to move for summary judgment in the title of its motion, the language utilized throughout the motion indicates that GRV is effectively moving for dismissal. *See, e.g.*, ECF No. 7, PageID.153, 164-165, 168. The Court will accordingly address Defendant GRV's filing as a Motion to Dismiss.

Upon review of the Defendants' submissions and the Plaintiff's failure to respond, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2). For the reasons discussed below, the Court will GRANT both of Defendants' motions and dismiss the case with prejudice.

## II. FACTUAL BACKGROUND

On January 13, 2017, Plaintiff purchased a recreational vehicle ("RV") from Defendant GRV at a trade show in Cleveland, Ohio. ECF No. 1-1, PageID.8. The RV was a new 2017 Thor Motor Coach 3901 Aria motorhome that was manufactured by Defendant Thor. *Id*. The final purchase price of the vehicle was $202,076. *Id*. As part of the transaction, Plaintiff traded in a 2013 Cadillac SRX appraised at $21,000. *Id*. at PageID.28.

Plaintiff alleges that, upon agreement to purchase the vehicle, she was given various forms "to sign without any explanation or opportunity to read the forms." *Id*. at PageID.8. During the transfer hearing in June, however, the Ohio state court found that Plaintiff had signed, initialed, and agreed to all of the sales transaction forms, referred to collectively as the Purchase Agreement. In fact, the Ohio court found that "Plaintiff attested and initialed in no fewer than five places that she was given an opportunity to, and did, review and understand the purchase documents. Among other things, Plaintiff acknowledged that she was not rushed into signing anything." ECF No. 2, PageID.36. Many documents within the Purchase Agreement contain language pertinent to Plaintiff's claims, including one with a provision directly above Plaintiff's signature:

> THIS PURCHASE AGREEMENT CONTAINS THE ENTIRE UNDERSTANDING BETWEEN GENERAL RV AND PURCHASER. NO ONE HAS AUTHORITY TO MAKE ANY REPRESENTATION BEYOND THIS AGREEMENT. NO OTHER REPRESENTATIONS OR INDUCEMENTS, VERBAL OR WRITTEN HAVE BEEN MADE, WHICH ARE NOT CONTAINED ON THIS DOCUMENT. PURCHASER HAS NOT RELIED ON ANYTHING WRITTEN INTO THIS PURCHASE AGREEMENT SUCH THAT NOTHING ELSE IS THE BASIS OF THE BARGAIN OR IS ENFORCEABLE AGAINST GENERAL RV, EVEN IF ALLEGED TO BE A MISREPRESENTATION. BY SIGNING BELOW, PURCHASER ACKNOWLEDGES THAT PURCHASER HAS RECEIVED A COPY OF THIS AGREEMENT AND THAT PURCHASER HAS READ AND UNDERSTANDS THE TERMS OF THIS AGREEMENT, INCLUDING THOSE PRINTED ON THE REVERSE SIDE, WHICH INCLUDE AN "AS IS" CLAUSE, A NONREFUNDABLE DEPOSIT STATEMENT, AND **A CHOICE OF LAW AND FORUM SELECTION CLAUSES INDICATING THAT MICHIGAN LAW APPLIES TO ALL**

**POTENTIAL DISPUTES AND THAT ALL CLAIMS MUST BE FILED IN MICHIGAN.**

ECF No. 1-1, PageID.28 (emphasis added).

Plaintiff additionally claims that Defendants engaged in deceptive trade practices and did not integrate the entire purchase agreement. Further, when Plaintiff took the RV to be repaired for an undisclosed issue, Defendants allegedly failed to perform repairs on the vehicle in a timely or workmanlike manner, among other claims. *Id.* at PageID.9.

### III. PROCEDURAL BACKGROUND

Plaintiff initiated this action in Ohio state court on January 11, 2019. *See* ECF No. 1-1. On February 14, 2019, Defendants removed the action to federal court in the Northern District of Ohio. ECF No. 1. The matter was subsequently transferred to this Court on June 25, 2019 in accordance with a forum selection clause within the vehicle purchase agreement. ECF No. 2, PageID.36. Defendants then filed the present motions on July 16, 2019. ECF Nos. 7, 8. Plaintiff received verification of certificate of service on July 18, 2019 but failed to respond to either motion. ECF No. 8.

### IV. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss. The court must construe the complaint in favor of the plaintiff, accept the allegations of

the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). The facts need to make it more than "merely possible that the defendant is liable; they must make it plausible." *Id.* "Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Id.* A claim will be dismissed "if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst., LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

Further, when a plaintiff fails to file a response to a motion to dismiss, his or her claims may be deemed abandoned. *Williams v. Chase Bank*, No. 15-10565, 2015 WL 4600067, at *3 (E.D. Mich. July 29, 2015) (citing *Bazinski v. JPMorgan Chase Bank, N.A.*, 2014 WL 1405253, *1–2 (E.D. Mich. 2014)). A plaintiff's failure to respond "means that the Court could simply grant the motion as unopposed." *Id*. (citing *Wheeler v. Long Beach Mortg. Co.*, 2015 WL 1637619, *2 (E.D. Mich. 2015)). Accordingly, this Court finds that Plaintiff has effectively abandoned her claims. Additionally, the Court has independently examined the merits in both Plaintiff's First Amended Complaint and the present motions and has determined that dismissal is also appropriate for the reasons that follow.

# V. DISCUSSION

In her First Amended Complaint, Plaintiff asserts six claims against Defendants GRV and Thor. In the present motions, Defendants raise separate arguments for why dismissal is appropriate, as the application of statutes in this case can vary for manufacturers and retailers. The Defendants' motions will therefore be analyzed according to their respective arguments for each of Plaintiff's claims below.

## A. Ohio Consumer Sales Practices Act (Count I)

Plaintiff first alleges in her Amended Complaint that Defendant GRV "committed unfair, deceptive, and unconscionable acts and practices" in violation of the Ohio Consumer Sales Practices Act (OCSPA). Ohio Rev. Code §§ 1345.02-1342.03; ECF No. 1-1, PageID.19. The acts and practices alleged are numerous, including failure to integrate oral and written statements into the final Purchase Agreement and enticing Plaintiff to purchase additional products that are devoid of value. Defendant Thor is named at the beginning of this count, but Plaintiff does not plead any violations of the OCSPA against Thor specifically.

Defendant GRV moves to dismiss this count by citing to the language of the Purchase Agreement that was signed by Plaintiff on January 13, 2017. The Agreement states, in relevant part:

NO OTHER REPRESENTATIONS OR INDUCEMENTS, VERBAL OR WRITTEN HAVE BEEN MADE, WHICH ARE NOT CONTAINED ON THIS DOCUMENT. PURCHASER HAS NOT RELIED ON ANYTHING WRITTEN INTO THIS PURCHASE AGREEMENT SUCH THAT NOTHING ELSE IS THE BASIS OF THE BARGAIN OR IS ENFORCEABLE AGAINST GENERAL RV.

ECF No. 1-1, PageID.28.

The Purchase Agreement indicates that Defendant GRV produced a fully written and integrated contract that was then signed by Plaintiff Miller. Plaintiff's Amended Complaint fails to plead sufficient facts that address or overcome the clear language of this Purchase Agreement.

Additionally, Defendant GRV argues that, even if Plaintiff had a valid claim, it is inapplicable because the Agreement is controlled by Michigan state law, not Ohio. *See* ECF No. 7, PageID.171-172. Defendant GRV notes that Plaintiff could have amended her complaint to replace the Ohio state law claims with their Michigan analogs, including the Michigan Consumer Sales Practices Act. *Id*. Plaintiff, however, has not filed anything related to her case since the transfer from Ohio to Michigan. The Court therefore cannot consider Plaintiff's claim under either the Ohio or Michigan Consumer Sales Practices Acts, as the Ohio statute's application is barred by the Purchase Agreement and the Michigan statute has not been properly pled. As no material facts have been alleged to state a plausible claim here, the Court will grant Defendant GRV's motion to dismiss as to Count One.

In its motion to dismiss, Defendant Thor argues that Plaintiff's Amended Complaint is unclear as to how Thor violated the OCSPA, as Plaintiff alleges only GRV engaged in unconscionable acts and practices. In the alternative, Thor makes the same argument as GRV and states that Plaintiff must plead violations of the Michigan statute in an amended pleading. The Court agrees that Plaintiff's Amended Complaint as written does not allege any violations of the OCSPA by Defendant Thor. Additionally, as discussed above, Plaintiff did not file any amended pleadings that include the pertinent Michigan statute. Therefore, the Court will also grant Defendant Thor's motion to dismiss as to Count One.

**B. Ohio Lemon Law (Count II)**

Plaintiff next alleges that Defendants violated Ohio Lemon Law by refusing to make repairs to correct non-conformities in the vehicle. *See* Ohio Rev. Code §1345.71. Plaintiff does not further identify the nature of the purported non-conformities requiring the repairs or replacement.

Defendant GRV moves to dismiss this count by referring to the language of the Ohio Lemon Law statute. The statute at issue is applicable only to a "manufacturer" or "distributor" that provides a warranty to the consumer. Ohio Rev. Code §§ 1345.71(B)-(C). The facts indicate that GRV is a retailer and not an entity that "manufactures, assembles, or imports motor vehicles, including motor homes."

*Id.* Plaintiff has not provided any facts that dispute this finding. Accordingly, this count is not applicable to Defendant GRV and will be dismissed.

Defendant Thor argues that dismissal is warranted because Michigan Lemon Law, not Ohio Lemon Law, is applicable here. When this matter was transferred, Defendant Thor acceded to the Michigan transfer in conformity with the Purchase Agreement's forum selection clause. *See* ECF No. 2, PageID.45. Further, one of Plaintiff's Amended Complaint exhibits is a signed "Lemon Law Notice to Purchaser of New Vehicle" that states, "I have agreed that if any disputes arise . . . they will be resolved by a claim filed in . . . Michigan, with Michigan law applying . . . ." ECF No. 1-1, PageID.29. Consequently, under the relevant section of Michigan Lemon Law, consumer coverage does not extend to "motor homes" such as Plaintiff's RV. Mich. Comp. Laws § 257.1401(f). Plaintiff has not filed any response as to whether her RV is nevertheless covered under Michigan state law or any other pertinent lemon law statute. Plaintiff's Amended Complaint also does not contain sufficient facts about the extent of the RV's alleged defect. Without those facts, Plaintiff has not sufficiently pled a plausible claim for relief. Count Two is therefore dismissed against Defendant Thor.

### C. Magnuson-Moss Warranty Act (Count III)

Plaintiff also alleges that by not curing the RV's non-conformities, Defendants breached written, express, or applied warranties in violation of the

9

Magnuson-Moss Federal Trade Commission Act, commonly referred to as the Magnuson-Moss Warranty Act (MMWA). 15 U.S.C. § 2301 *et seq*. The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). To state a claim under the MMWA, a plaintiff must have a valid claim for breach of express or implied warranties under state law. *Zanger v. Gulf Stream Coach, Inc.*, 2006 WL 1494952, at *7 (E.D. Mich. May 25, 2006).

In its motion to dismiss, Defendant GRV argues that the Purchase Agreement explicitly disclaims all warranties, express or implied, as permitted by Michigan law. *See* Mich. Comp. Laws § 440.2314. This warranty disclaimer is noted multiple times in the Purchase Agreement and was recognized by the Ohio court and signed by Plaintiff. ECF No. 7-1, PageID.194. Within the Purchase Agreement is the "As Is" and "Warranty Disclaimer" Acknowledgement that includes the relevant provision:

> I understand that GENERAL RV OFFERS NO WARRANTIES, EXPRESS OR IMPLIED, ON THIS RV. I AM PURCHASING THIS RV **"AS IS" FORM GENERAL RV, AND GENERAL RV DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**

ECF No. 7-1, PageID.194 (emphasis in original).

Here, Plaintiff has not pled facts sufficient to demonstrate that Defendant GRV violated the MMWA; to the contrary, the language of the Purchase Agreement indicates that Plaintiff cannot identify any warranties provided by GRV. Ultimately, "if there exists no actionable warranty claim, there can be no violation of the [MMWA]." *Zanger*, 2006 WL 1494952 at *7. The Court will therefore dismiss Count Three against Defendant GRV.

Defendant Thor moves to dismiss this count by stating that Plaintiff's breach of warranty claim is barred by the Purchase Agreement's statute of limitations, therefore precluding Plaintiff from bringing this MMWA claim. As noted above, there must be an actionable warranty claim in state law to find a violation of the federal MMWA. This is not possible, Thor argues, as the warranty and its statute of limitations has expired.

Defendant Thor provided Plaintiff with a limited warranty for twelve months after delivery or when the odometer reached 15,000 miles, whichever came first. ECF No. 6, PageID.66. The motor home was delivered to Plaintiff Miller on January 13, 2017; this limited warranty therefore expired on January 13, 2018. According to the "Receipt of Warranty" document, Plaintiff signed below the statement, "I understand and agree that any legal action for breach of express warranty or for

11

breach of implied warranties . . . must be filed within ninety (90) days of the expiration of the applicable warranty coverage period as defined within the limited warranty." ECF No. 6-1, PageID.86. Accordingly, Plaintiff was required to bring these claims by April 13, 2018, but did not do so until January 11, 2019. Plaintiff's federal and state claims that derive from any breach of warranty claim carry this statute of limitations, and Plaintiff has failed to file within that time period. The Court will therefore dismiss Count Three against Defendant Thor, as well as the derivative breach of warranty counts below.

### D. Ohio Uniform Commercial Code (Count IV)

Next, Plaintiff's Amended Complaint alleges that the RV's defects and non-conformities are a breach of express and implied warranties under the Ohio Uniform Commercial Code (UCC). Plaintiff argues that Defendants were aware of her reliance on these warranties but nevertheless breached their obligations to her.

Defendant GRV moves to dismiss this claim under the same argument that it has not provided Plaintiff with any warranties, express or implied. As previously discussed, the "As Is" portion of the Purchase Agreement expressly disclaims all warranties for Defendant GRV, as permitted by Michigan law. *See* Mich. Comp. Laws § 440.2314. Plaintiff provides no response plausibly demonstrating that Defendant GRV otherwise provided Plaintiff with warranties or breached those

warranties in violation of the UCC. Count Four will be dismissed against Defendant GRV.

Defendant Thor also moves to dismiss this count by noting again that the statute of limitations has expired for any breach of warranty claims. Since the statute of limitations has run for Plaintiff to plead breach of warranties here, she cannot bring a valid claim under the Ohio UCC or any other UCC that may be applicable. Just as the Court dismissed Count Three, the Court will also dismiss Count Four under the same determination that the statute of limitations has expired.

### E. Implied Warranty and Tort (Count V)

Similar to the count above, Plaintiff also alleges that the RV's defects and non-conformities are a breach of the implied warranty of merchantability and the implied warranty of fitness for a particular purpose, both sounding in tort. Plaintiff provides no evidence to counteract the language of the Purchase Agreement, including the "As Is" provisions, which disclaim all warranties in accordance with Michigan law. This warrants dismissal of Defendant GRV on this count. Plaintiff has also failed to produce any arguments responding to Defendant Thor that suggest the statute of limitations for the implied warranties in this count have not expired. As with the previous counts deriving from breach of warranty, the Court will also dismiss Count Five against both Defendants here.

### F. Declaratory Judgment (Count VI)

Finally, Plaintiff brings a claim for declaratory judgment finding that Defendant GRV provided purchase documents that "purposely misstate Ohio law and purposely fails to inform consumers that Michigan's Lemon Law . . . by its terms expressly omits coverage to motor homes." ECF No. 1-1, PageID.25. Plaintiff further asked the Ohio state court to determine that Defendant GRV's "use of a forum selection clause constitutes a deceptive trade practice under Ohio law." *Id*. Plaintiff names only Defendant GRV in this final count. If Plaintiff intended to include Defendant Thor in this count, she has not sufficiently pled facts that do so. Accordingly, this count is not applicable to Defendant Thor and will be dismissed.

In its transfer order, the Ohio court stated that it approved of and would enforce Defendant GRV's forum selection clause as contained in its purchase agreements. ECF No. 2, PageID.42. The court also cited additional cases, including ones in Utah and Florida, that upheld the exact provision that Plaintiff now contests. *Id*. Plaintiff has not disputed the conclusions made by the Ohio state court as to the provision's validity, nor has Plaintiff responded to Defendant GRV's defense of the provision here. As Plaintiff has not provided any additional evidence to substantiate her claim for declaratory judgment against Defendant GRV, this Court will deem Plaintiff's claim abandoned and dismiss Count Six.

## VI. Conclusion

For the reasons discussed herein, the Court will GRANT Defendant Thor's Motion to Dismiss [#6] and GRANT Defendant GRV's Motion for Summary Judgment [#7]. Plaintiff's case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: November 12, 2019

                                                  s/Gershwin A. Drain
                                                  HON. GERSHWIN A. DRAIN
                                                  United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 12, 2019, by electronic and/or ordinary mail.

                                                  s/Teresa McGovern
                                                Case Manager